## McCABE *a.* CAULDWELL.

*New York Superior Court; Trial Term, March, 1865.*

### LIBEL.—PRIVILEGED PUBLICATIONS.

The proceedings before a grand jury are not proceedings before a judicial body within the meaning of Ch. 130, Laws of 1854, and the publication of such proceedings is not privileged.

*Motion to dismiss complaint.*

This was an action for libel against the proprietors of the Sunday Mercury for the publication of matter purporting to be the proceedings before a grand jury to obtain the indictment of the plaintiff. The plaintiff, after proving the publication of the libel and the circulation of the paper, rested.

The defendants then moved for the dismissal of the complaint, upon the ground that the alleged libel was privileged within the act of 1854, and that the plaintiff must therefore show, affirmatively, either malice, or that it was not a fair report of the proceedings.

*R. H. Huntley*, for plaintiff.

*O. A. Hall* and *Mr. Fullerton*, for defendants.

McCUNN, J.—After a careful examination of the statute and of the authorities, I am doubtful, as the case now stands,

whether I would be justified in withdrawing it from the jury. The act of 1854 I think does not contemplate proceedings before a grand jury, because it begins by speaking of reporters, editors, or proprietors of newspapers, a class who are never admitted before the grand jury, and the act speaks of arguments and debates which never occur there. The act, however, declares they shall not be responsible for a fair report of judicial, legislative, or public proceedings. A proceeding before a grand jury is not a proceeding before a legislative body; and although some of our judges, in a case reported, have held that the grand jury was an adjunct to a court, yet I am inclined to believe they are not a judicial body.

Moreover, there is the law imposing secrecy on the individual members of the body, and making it a misdemeanor if such secrecy is not observed; and certainly if a member of the body is not permitted to divulge what transpires before themselves, the law did not contemplate that the editor or reporter of a newspaper could. The very oath which the individual juror takes obliges him to keep secret their councils; and although contrary to the spirit of our institutions, which do not shun the light, this secrecy is required perhaps for a wise purpose. The duration of secrecy does not appear to be definitely settled. In some cases where the evidence is required to contradict a witness who appeared before the body, it is allowed to be divulged, but even against this practice there are numerous authorities.

Finding this to be the rule, I am not inclined to depart from it in this case. However, I am candid to say, that I am not in favor of our present system of grand juries, for I believe great wrongs are frequently inflicted on innocent persons, arising absolutely from their exclusive practice, and I believe that the administration of justice would be advanced by having each case fairly and publicy tried before an honest magistrate. If, however, we are to keep up this semblance of ancient times, the last remnant of a system that has long since passed away, then I say their proceedings should be open to the public.

My duty, however, in this case is to administer the law as I find it, and although I have my doubts about allowing this case to go to the jury, yet I think as the editors can give in evidence the truth of their article in justification, I shall take the responsibility of allowing the jury to pass upon it.